ALBANY,
June, 1834.

Miller
v.
Johnson.

The *Court*, SUTAERLAND, J., however, granted the motion, with costs to be paid by the defendant.

---

### MILLER *vs.* JOHNSON.

A *notice of rent* from a *landlord* to a sheriff is good and sufficient to justify the sheriff to retain the sum claimed as rent, although *the time during which the rent accrued* is not stated in the notice.

Whether the sheriff, for such defect might not disregard the notic e, *quere.*

AN execution was issued in this cause for the sum of $246, 69. On the 28th May last, goods and chattels, the property of the defendant, were sold by the sheriff of N. York to satisfy the execution in this cause, and another previously issued in favor of other plaintiffs. The property sold for sufficient to satisfy the execution first issued, leaving a balance in the hands of the sheriff of $270. Previous to the sale of the property, a notice was served upon the sheriff, by the agent of the *landlord* of the premises occupied by the defendant, that there was due to him on the 1st day of May, 1834, for *rent,* the sum of $200, and that he would look to the sheriff for the payment of the same ; which notice was accompanied by an *affidavit* of the agent of the landlord, that the defendant was justly indebted to the landlord in the sum of $200, for balance of rent of premises situate, &c. (describing the premises) "and due 1st May, 1834." The plaintiff claimed that the sheriff should

June 19.

ALBANY,
Aug. 1834.

Smith
v.
Howard.

pay over to him the whole amount of the sum directed to be levied by his execution, with the interest thereof, insisting that the notice and affidavit accompanying it did not conform to the directions of the statute in such cases, inasmuch as the notice did not state the *time during which the rent accrued;* but the sheriff refused to pay over the same without the order of this court. On these facts, and on an affidavit of the plaintiff that he had been informed and believed that the agent of the landlord *had admitted* that the whole of the sum of $200 was not due for the last year's rent of the premises, but that $65, part thereof, was due for rent accrued prior to 1st May, 1833, the plaintiff asked for a rule that the sheriff pay to him the amount of his execution.

*By the Court,* SUTHERLAND, J. The notice is not in the form prescribed by the statute, 1 R. S. 746, § 12, 13, 14, but the plaintiff cannot avail himself of the defect. Had the sheriff disregarded it, it might be questionable whether he would have been liable to the landlord. The statute is merely directory, and does not say that notice in the form prescribed shall be in the nature of a condition precedent.

Motion denied.