## FARINGTON *vs.* BALEY.

To maintain an action against an officer, for refusing under an execution to levy and pay over *rent* claimed by a landlord, an affidavit of the truth of the claim must be produced to the officer; its non-production cannot be excused, although *waived* by the officer at the time of the claim, unless the *tenant* consent to a sale to satisfy the claim of the landlord.

In such action, evidence is admissible to show that *no agreement for the payment of rent* existed between the landlord and tenant. The mere occupation of premises, without an agreement to pay a liquidated sum as rent, does not give the landlord the right to require an officer to levy and pay over whatever sum he chooses to demand.

ERROR from the Tompkins common pleas. Farrington was sued by Baley in a justice's court, for not paying over to Baley the *amount of rent* claimed by him, to be due from a defendant in an execution, whose property was sold by Farrington as a constable. Baley obtained a judgment before the justice, and Farrington appealed to the Tompkins common pleas. On the trial in that court, it was proved that Baley gave notice of his claim for rent, but did not accompany it with an affidavit of the truth of the claim. There was evidence tending to show that the production of the affidavit was waived in a conversation between the plaintiff and the defendant. The defendant moved for a nonsuit, insisting that the non-production of the affidavit could not be waived by *parol*. The court refused to nonsuit the plaintiff. The defendant then proved that the demised premises formerly belonged to the defendant in the execution, and offered to prove that the sale of the premises to the plaintiff,

---
Farrington v. Baley.
---

was without consideration and fraudulent; and further, that there never was any agreement between the plaintiff and the defendant in the execution, for the payment of the rent claimed by the plaintiff: the evidence thus offered to be given was objected to by the plaintiff, and rejected by the court. In a previous stage of the trial, the defendant in the execution was called as a witness for the plaintiff, and testified that he was a tenant of the plaintiff, and owed him rent, but could not state the amount. The jury under the charge of the court, found a verdict for the plaintiff, on which judgment was entered. The defendant having taken exceptions to the decisions of the court, sued out a writ of error.

*H. D. Barto*, for the plaintiff in error.

*G. G. Freer & S. Love*, for the defendant in error.

*By the Court*, COWEN, J. There was clearly no room for the defendant to show a fraud in the sale of the demised premises. Had he offered to prove that the sale and demise were with a view to defraud creditors, that would have been proper; but for aught that appears, the fraud might have been a matter entirely between the parties to the deed.

The statute requires that an affidavit of the rent due should be furnished to the officer, who is then authorized to raise both the rent and judgment. He is let in as a kind of bailiff to the landlord, and may act very much as he could do under a distress warrant. Here was an objection that he and the plaintiff could not waive the affidavit by parol, assuming that they might waive it in some way. But I very much doubt that, unless the tenant be a party, and give his consent also, that there should be a sale; otherwise he might sue the officer for acting against him without authority. I think the plaintiff must at all events furnish the officer with his affidavit in these cases, or he has no right to complain that the officer will not apply the proceeds to the payment of rent. To be sure, if the *tenant* expressly and freely consent, he cannot sue the officer; but nothing of that

kind is pretended. A summary power is given by statute, and must be strictly followed.

Again ; why was the defendant below shut out from proving that no rent was due ? for that was the amount of what he offered. The tenant, himself a witness for the plaintiff, could not state the amount of the rent, as I understand the return. That, of itself, would have been a fatal objection, if it had been taken. A tenant silently occupying under circumstances entitling his landlord to an action for use and occupation merely, does not give him a right either to distrain or demand that an officer shall levy for what he chooses to say the premises are worth. But if an agreement to pay a liquidated sum (and if liquidated there must have been an agreement) had been proved many times over, this would not preclude the defendant from rebutting and overcoming it by counter proof. That right was denied.

The judgment must be reversed, and a *venire de novo* issue from the court below, the costs to abide the event.