By the Court, Cowen, J.
It was thrown out by the landlord’s counsel, that the 'Olcotts are not in a position to contest the validity.of the notice, because it was not given in reference to their execution. The objection is, I think, without foundation. AH the moneys levied must be applied to the successive executions, bating what may be arrested by a regular notice from the landlord. The irregularity, therefore, if there be one, enures as well to the. benefit of the Olcotts as of Walsh & Mallory to whom it was immediately given..
The sheriff cannot, as against a party interest, waive due notice or a proper affidavit. (Farrington v. Baley, 21 Wend. 65.) To say that he may waive one substantial requisite would in principle extend to all, and thus work a repeal of the statute. This allows the landlord to interpose against the execution creditors by a sworn notice only. The statute 8th Anne, ch. 14, § 1, does not mention any notice in terms. Under that, mere knowledge of the sheriff would be sufficient. The material inquiry is whether rent was in fact due, regardless of the form in which this fact may haxre been communicated. Our statute combines the two facts, that rent be due and that xvritten notice with a verification in a certain form.be given.' The service of the proper notice, therefore, would seem to be a condition precedent to the right of claim. No such right of the landlord exist *564 ed at common law. The statute is express that, upon receiving such notice and affidavit, the officer is to levy the rent. And I apprehend the assertion in Miller v. Johnson (12 Wend. 197) that the plaintiff cannot question the form, must have been made without adverting to the difference between the provisions of the 8th Anne and our own statute.. If ours were merely for the benefit of the sheriff, I admit his positive waiver or his silence would form an answer to the objection. But plaintiffs in executions against the tenant, and the tenant himself, are all interested to contest the landlord’s right; and it seems to me that if the statute be not complied with they are the very persons to be heard. By the sheriff’s first levy the goods are in the custody of the law, open to the claims of subsequent execution creditors, at common law, but tangible by the landlord’s claim in no way other than that prescribed by the statute. If the forms required by this are not followed, his claim can no more be regarded than that óf any creditor at large.
Had the notice and affidavit, or either, asserted that the 600 dollars were due to Thomas Frazier as landlord, I am not prepared to say that the character of William Frazier as tenant would not have been sufficiently asserted. It would then have said that “ 600 dollars is due me, the landlord, from William Frazier, as rent for the use and occupation of the premises.” True,, the implication, is left that the sum might have been due by him as surety, or as under tenant, or in some other character out of the statute, as in Millard v. Robinson, (4 Hill, 604;) but in that case the rent was not mentioned as due from the defendant at all. Here, in the form supposed, it would assert that the rent, was due from the defendant for the use &c. The implication mentioned,, therefore,, would be but a possible one, and contrary to the natural import of the words. When I say rent, is due me . from A., for use and occupation, the natural import is that he occupied personally, and in. immediate privity with me. I say he owes me so much for goods sold; no one would suppose I mean goods sold to a third person. The notice supposed would be certain to a common intent, which is sufficient.
But without deciding whether the case may or may not be *565 within the one cited, in respect to describing the defendant’s relation, I am of opinion there is a fatal defect in not averring any where that 600 dollars or indeed any amount was due as rent. The 1 R. S. 737, 2d ed., § 12, is, that the landlord to whom the rent may be due, may give notice of the amount claimed by such landlord to be due; and may accompany such notice with an affidavit of the truth thereof. The notice is to be of the amount of rent claimed to be due; not merely that there is a claim, or, as here, that a certain sum is due which is claimed to be for rent. Either form results in a notice and affidavit of the act of claim) only, without an assertion that the claim is a true one. When the statute says the affidavit shall be of the truth thereof, it clearly mmna something more than the fact that the 1 andlord claims. It means the truth of the claim. The affidavit leaves it entirely equal whether the 600 dollars was in fact due for rent or for some other of the hundred considerations which may be supposed.
Again: Thomas Frazier is no where mentioned as landlord of the premises, to whom the statute confines itself in terms; not only the landlord, but, the cases say, the immediate landlord. (See Hodgson v. Gascoigne, 5 Barn. & Ald. 88.) Rent may be due and distrainable for, without the relation of landlord and tenant. The notice need not, perhaps, assert that the claimant is landlord immediate; but the general assertion that rent is due to me for the occupation of premises, may be very wide of the statute. The laxity of form under the English statute is not admissible since the late revision, which calls for a notice and affidavit. These we have said are in the nature of process, and must make out a case on which the sheriff is warranted to levy the rent. (4 Hill, 605; and see Farrington v. Baley, ut supra.) But the notice in question comes short even of the form recommended by Bradby, under the 8th Anne, ch. 14, which asserts directly the amount due as rent; and the claimant moreover subscribes himself landlord of the premises. (See Bradb. On Distr. 229.) I will not say that the relation of landlord should be asserted in so many words. Mentioning the defendant as tenant to the subscriber would doubtless be sufficient. So of any words in *566 the notice or affidavit by which the relation is necessarily implied.
In this case, I am of opinion that the notice and affidavit are defective in at least the two particulars I have insisted on; and that therefore the motion must be granted,'
Motion granted.